UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-cr-241 (PAM/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Drew William Graves, | |
| Defendant. | |

---

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1), upon the Defendant's Motion for Severance of Count 3. [Docket No. 22]. The Court held a motions hearing on November 1, 2016, regarding the Defendant's pretrial motions, and the Court took the Defendant's motions under advisement at that time.[1]

For the reasons discussed below, the Court recommends **DENYING** Defendant's Motion for Severance of Count 3. [Docket No. 22].

**I.   BACKGROUND AND STATEMENT OF RELEVANT FACTS[2]**

The Government alleges that on or about March 25, 2016, Defendant assaulted Jane Doe which "result[ed] in serious bodily injury, all in violation of Title 18, United States Code, Sections 113(a)(6), 1151 and 1153(a)." (Indictment, [Docket No. 11], Count 3).

The Government also alleges that on or about June 30, 2016, Defendant assaulted Jane Doe "with a dangerous weapon, to-wit: a knife and shod feet, with intent to do bodily harm, all

---

[1] The Court addressed the Defendant's pretrial motions for discovery and production of evidence by separate Order. [Docket No. 28].

[2] Neither the Defendant nor the Government presented supplemental briefing on the present motion; therefore all facts presented are taken from the Indictment. [Docket No. 11].

in violation of Title 18, United States Code Sections 113(a)(3), 1151 and 1153(a)." (Indictment, [Docket No. 11], Count 1). The Government further alleges that the June 30, 2016, assault described in Count 1 "result[ed] in serious bodily injury, all in violation of Title 18, United States Code, Sections 113(a)(6), 1151 and 1153(a)." (Indictment, [Docket No. 11], Count 2).

## II.   DEFENDANT'S MOTION FOR SEVERANCE OF COUNT 3. [DOCKET NO. 22].

Defendant moves the Court for an Order, pursuant to Federal Rule of Criminal Procedure 14, severing Count 3 from Counts 1 and 2. (Def.'s Mot. [Docket No. 22]). In support of his motion, Defendant generally argues that "[j]oinder of Count 3 with Counts 1 and 2 would be extremely prejudicial to Mr. Graves." (Id. at 2).

### A. Standard of Review

Rule 8(a) of the Federal Rules of Criminal Procedure provides that an indictment "may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). "The rule is broadly construed in favor of joinder to promote the efficient administration of justice." United States v. Taken Alive, 513 F.3d 899, 902–03 (8th Cir. 2008) (citing United States v. Little Dog, 398 F.3d 1032, 1037 (8th Cir. 2005); United States v. Rock, 282 F.3d 548, 552 (8th Cir. 2002)).

Rule 14 of the Federal Rules of Criminal Procedure provides that if joinder of offenses pursuant to Rule 8(a) creates prejudice to either the Government or the defendant, a court may sever counts for trial "or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). "A motion to sever counts for trial is committed to the district court's discretion." United States v. Brown, 653 F.3d 656, 662 (8th Cir. 2011). Generally speaking, "[a] defendant is not prejudiced if there is sufficient evidence that one crime would be probative and admissible at a

separate trial of the other count." United States v. Wetsch, No. 12-cr-45 (SRN/JJG), 2013 WL 1490222, at *3 (D. Minn. Apr. 10, 2013) (citing United States v. Davis, 103 F.3d 660, 676 (8th Cir. 1996)).

The defendant bears the burden of establishing prejudice warranting severance. United States v. Humphreys, 982 F.2d 254, 259 (8th Cir. 1992). "Only in an unusual case, however, will the prejudice resulting from a joint trial be substantial enough to outweigh the 'general efficiency of joinder.'" United States v. Kirk, 528 F.3d 1102, 1107 (8th Cir. 2008) (citing Taken Alive, 513 F.3d at 903). Accordingly, for severance to be warranted the necessary prejudice must be "sever or compelling." Kirk, 528 F.3d at 1107–08 (citing United States v. Ruiz, 412 F.3d 871, 886 (8th Cir. 2005); United States v. Pherigo, 327 F.3d 690, 693 (8th Cir. 2003)). "[T]here is a strong presumption against severing properly joined counts." United States v. Garrett, 648 F.3d 618, 626 (8th Cir. 2011) (citing United States v. McCarther, 596 F.3d 438, 442 (8th Cir. 2010)).

### B. Analysis

As noted above, Defendant argues that "[j]oinder of Count 3 with Counts 1 and 2 would be extremely prejudicial to Mr. Graves." (Def.'s Mot., [Docket No. 22], at 2). In support of that argument, Defendant generally asserts that "[i]t is inconceivable that a jury could give him fair consideration as to whether the government has proven the June 30, 2016[,] allegations beyond a reasonable doubt given the presentation of prejudicial evidence regarding the March 25, 2016[,] allegations, and *vice versa*." (Id.). Defendant also merely argues that joinder of the counts is "questionable" in light of Federal Rule of Evidence 404(b) and Defendant's possible decision to testify as to one but not both of the incidents contained in the Indictment. (Id.). Defendant articulates no specific facts relative to any of his arguments demonstrating either that joinder of

the counts was improper under Rule 8(a), or that continued joinder of the counts will create prejudice sufficient to warrant severance pursuant to Rule 14.

Defendant's motion, as submitted on the present record, is insufficient to sustain his heavy burden to demonstrate that severance is warranted. The Court could recommend denying Defendant's motion on this basis alone. However, in an abundance of caution, the Court notes that in addition to the fact that Defendant has failed to sustain his burden, the underlying alleged facts in the present case indicate that joinder was indeed proper under Rule 8(a), and that severance pursuant to Rule 14 is not warranted on the present record.

In applying the "same or similar character" standard, the Eighth Circuit Court of Appeals has "found joinder of offenses to be proper when the two counts refer to the same type of offenses occurring over a relatively short period of time, and the evidence as to each count overlaps." United States v. Garrett, 648 F.3d 618, 625 (8th Cir. 2011) (quoting United States v. Robina, 39 F.3d 858, 861 (8th Cir. 1994)).

In the present case Count 3—regarding the March 25, 2016, incident which the Defendant seeks to sever—charges Defendant with one count of assault resulting in serious bodily injury, and Count 2 also charges Defendant with one count of assault with a weapon resulting in serious bodily injury regarding the incident on June 30, 2016. (Indictment [Docket No. 11]). As the two charged counts are for similar conduct, they clearly refer to the same type of offense: assault. See, Garrett, 648 F.3d at 625. Moreover, all of the counts in the present case involved alleged assaults of the same victim. Even in cases where the charged assaults involved different victims, Courts have found that assaults jointly charged were properly joined. See, e.g., United States v. Erickson, 610 F.3d 1049, 1054–55 (8th Cir. 2010) (finding that offenses were

properly joined, in part, because "[t]he offenses joined in [that] case were similar in that they all involved knife assaults by Erickson after he had been drinking with other individuals").

The incidents giving rise to the Counts in the present Indictment also happened over a relatively short period of time. The incident giving rise to Count 3 allegedly occurred on March 25, 2016, and the incident giving rise to Counts 1 and 2 allegedly occurred on June 30, 2016, providing only three months between the incidents. Joinder has been found to be proper when the offenses are as far apart in time as two years. Garrett, 648 F.3d at 625 (finding offenses 15 months apart properly joined); United States v. Lindsey, 782 F.2d 116, 117 (8th Cir. 1986) (per curiam) (providing offenses 17 months apart were properly joined); United States v. Rodgers, 732 F.2d 625, 629 (8th Cir. 1984) (holding joinder proper when offenses were 20 months apart); Unites States v. Hastings, 577 F.2d 38, 40 (8th Cir. 1978) (finding offenses two years apart properly joined); United States v. Pearson, No. 15-cr-117 (JRT/TNL), 2015 WL 6445439, at *15 (D. Minn. Oct. 23, 2015) (finding offenses occurring over an approximately three-year period to be properly joined). The incidents in the present case occurred only three months apart in time, and therefore, do not violate the joinder requirement that the offenses occur "over a relatively short period of time[.]" Garrett, 648 F.3d at 625.

Therefore, the Court concludes that Counts 1, 2, and 3 were properly joined under Federal Rule of Civil Procedure 8(a).

Even when offenses are properly joined under Rule 8, however, the offenses may still be severed and separate trials ordered if it appears that a defendant will otherwise be unduly prejudiced by such joinder. See, Fed. R. Civ. P. 14(a). In order for severance to be warranted, the necessary prejudice must be "sever or compelling." United States v. Kirk, 528 F.3d 1102, 1108 (8th Cir. 2008). "[T]here is a strong presumption against severing properly joined counts."

5

McCarther, 596 F.3d at 442. The defendant bears the burden of establishing prejudice. Humphreys, 982 F.2d at 259.

In the present case, Defendant has shown no such prejudice. While the Defendant conclusorily asserts that the jury would not be able to give fair consideration to the alleged offenses individually, Defendant does not specify what evidence or issues the jury would be unable to compartmentalize, nor does he explain why careful jury instructions could not eliminate this speculative issue.[3]

Additionally, "[w]here the evidence that a defendant has committed one crime would be probative and thus admissible at the defendant's separate trial for another crime, the defendant does not suffer any additional prejudice if the two crimes are tried together." United States v. Taken Alive, 513 F.3d 899, 903 (8th Cir. 2008). "Under Rule 404(b), the evidence of one assault would be admissible in the separate trial of the other assault if admitted to prove something other than character." Id. (citing Fed. R. Evid. 404(b)). Indeed, in the hypothetical separate trials "admitting the other assault to show absence of mistake or accident or to show intent would not be an abuse of . . . discretion, and the separate juries would likely know about both assaults." Taken Alive, 513 F.3d at 903.

In the present case, evidence of each of the assaults would likely be admissible in a hypothetical separate trial for the other assault. See, Erickson, 610 F.3d 1049, 1055 (finding that "[e]vidence of other recent knife assaults sharing a number of common characteristics would likely have been admissible in a separate trial, and [defendant] was therefore not prejudiced by the district court's denial of severance"). The evidence of each assault could be admitted "to

---

[3] Defendant also makes a reference to the "conceivable" possibility that, if the present case were to preceded to trial, he may wish to testify as to one of the alleged assaults but not the other. (Def. Mot., [Docket No. 22], at 2). Even as Defendant describes his argument here, such a claim is grounded on conjecture, and it would require the Court to engage in speculation. Therefore, consideration of that issue is not ripe for adjudication. As such, the Court does not consider the issue.

show absence of mistake or accident or to show intent" without abusing the trial court's discretion. Taken Alive, 513 F.3d at 903.

Finally, any prejudice that Defendant may suffer due to the joinder of the counts contained in the Indictment may be negated through careful and thoroughly tailored jury instructions. With proper limiting instructions, the jury will be able to apply the evidence separately and to differentiate each charge. See, United States v. Wadena, 152 F.3d 831 (8th Cir. 1998).

As articulated above, there is a strong preference in the federal system for joint trials on properly joined counts. In light of that preference, and at this early juncture, where Defendant can only invite the Court to speculate as to what evidence the Government might actually seek to introduce at trial, severance is not, at this time, appropriate. "Severance is a remedy that can be provided at the time of trial if appropriate under the circumstances." United States v. Billups, 442 F. Supp. 2d 697, 706 (D. Minn. 2006).

Therefore, for the reasons articulated above, it is recommended that the Defendant's motion for severance be **DENIED** without prejudice.

### III. CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant's Motion for Severance of Count 3, [Docket No. 22], be **DENIED** without prejudice.

Dated: November 15, 2016                               s/Leo I. Brisbois
                                                       The Honorable Leo I. Brisbois
                                                       U.S. MAGISTRATE JUDGE

**N O T I C E**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]"  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.