UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,　　　　　　　　　　　　Case No. 16-cr-241 (PAM/LIB)

　　　　　　Plaintiff,

v.　　　　　　　　　　　　　　**MEMORANDUM AND ORDER**

Drew William Graves,

　　　　　　Defendant.
_____

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Leo I. Brisbois dated November 15, 2016. In the R&R, Magistrate Judge Brisbois recommends denying Defendant's Motion for Severance of Count Three. Defendant filed timely objections to the R&R. According to statute, the Court must conduct a de novo review of any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). Based on that de novo review, the Court adopts the R&R.

**BACKGROUND**

On September 14, 2016, a federal grand jury indicted Defendant Drew William Graves on one Count of assault with a deadly weapon and two Counts of assault resulting in serious bodily injury. Count One alleges that Graves assaulted Jane Doe with a knife and shod feet on or about June 30, 2016. Count Two alleges that Graves assaulted Jane Doe resulting in serious bodily injury also on or about June 30, 2016. Count Three alleges that Graves assaulted Jane Doe resulting in serious bodily injury on or about March 25, 2016.

Graves has moved to sever Count Three, arguing that joinder of Count Three with Counts One and Two would be extremely prejudicial. He argues that there is a strong possibility that the jury might use evidence related to Count Three to infer guilt on Counts One and Two, and might cumulate the evidence to find guilt on all crimes when it would not have found guilt if the crimes were considered separately. The R&R recommended denying Graves's Motion because joinder was proper under Rule 8(a), and Graves failed to show the requisite prejudice under Rule 14(a) to sever the Counts. Graves's objection to the R&R simply reiterates the arguments he made in his Motion.

**DISCUSSION**

An indictment may charge a defendant in separate counts with two or more offenses if the offenses charged are of the same or similar character. Fed. R. Crim. P. 8(a). "Same or similar character" refers to the "same type of offenses occurring over a relatively short period of time, and the evidence as to each count overlaps." United States v. Garrett, 648 F.3d 618, 625 (8th Cir. 2011) (citations and quotations omitted). The Counts here refer to three assaults of the same victim that occurred within three months of each other all on the Red Lake Indian Reservation. Joinder was proper.

The Court may order separate trials if joinder of offenses appears to prejudice Defendant. Fed. R. Crim. P. 14(a). The prejudice, however, must be "severe or compelling." United States v. Kirk, 528 F.3d 1102, 1107-08 (8th Cir. 2008). The defendant bears the burden of establishing prejudice. United States v. Humphreys, 982 F.2d 254, 259 (8th Cir. 1992). Finally, "there is a strong presumption against severing properly joined counts." United States v. McCarther, 596 F.3d 438, 442 (8th Cir. 2010).

Graves cannot overcome this strong presumption. As Magistrate Judge Brisbois pointed out, Graves has not specified what evidence or issues the jury would be unable to compartmentalize, nor does he explain why careful jury instructions could not eliminate any possibility of prejudice. Moreover, "[w]here evidence that a defendant had committed one crime would be probative and thus admissible at the defendant's separate trial for another crime, the defendant does not suffer any additional prejudice if the two crimes are tried together." United States v. Taken Alive, 513 F.3d 899, 903 (8th Cir. 2008) (quotations and citations omitted). Evidence from one of the alleged assaults would likely be admissible in a separate trial for the other assault for purposes such as motive, opportunity, intent, or lack of accident. See Fed. R. Evid. 404(b). Graves therefore does not suffer any additional prejudice if all three Counts are tried together.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Objection (Docket No. 30) is **OVERRULED**;

2. The Report and Recommendation (Docket No. 29) is **ADOPTED**;

3. Defendant's Motion to Sever (Docket No. 22) is **DENIED**.


Dated:  December 15, 2016

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge